# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

Undetermined quantities of food products that are labeled or otherwise appear to contain 7-hydroxymitragynine (7-OH), *et al.*,

      Defendant Articles.

Case No. 25-cv-00917-RK

---

**Suggestions in Opposition to Claimant Shaman Botanicals' Motion to Dismiss**

The Court should deny Claimant Shaman Botanicals, LLC's ("Shaman Botanicals") Motion to Dismiss ("Mot."), Dkt. 7, because the facts alleged in the Verified Complaint for Forfeiture *In Rem* ("Complaint"), Dkt. 1, satisfy the pleading requirements for a forfeiture complaint under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Shaman Botanicals provides no legal authority to find otherwise and its position that the United States was required to include detailed evidence in the Complaint or otherwise erred by not anticipatorily addressing what appears to be Shaman Botanicals' defense to this action does not withstand scrutiny.

## I.    BACKGROUND

The Federal Food, Drug, and Cosmetic Act ("FDCA" or the "Act"), 21 U.S.C. §§ 301 *et seq.*, sets forth a comprehensive regulatory scheme to protect the public health by, among other things, prohibiting the introduction or delivery for introduction into interstate commerce of adulterated food, including dietary supplements. *See* 21 U.S.C. §§ 331(a) (prohibited act), 342 (adulteration provision). Manufacturers are responsible for evaluating the safety of their products before marketing to ensure that they meet the Act's requirements, and FDA has the authority to take enforcement action, including seizure, against adulterated foods and dietary supplements. *See id.* § 334(a)(1).

In furtherance of its public health mission, FDA warned the public not to use products containing 7-hydroxymitragynine ("7-OH"). *See* Complaint ("Compl.") ¶¶ 10 n. 1, 13. 7-OH is a constituent or metabolite of the botanical *Mitragyna speciosa*, a plant commonly known as "kratom," *id.* ¶ 10, that occurs naturally in trace amounts in the kratom plant. Products containing 7-OH as an added ingredient contain greater amounts of 7-OH than occurs naturally in the kratom plant and can be dangerous for consumers to ingest because 7-OH can bind to opioid receptors, raising serious concerns about its potential abuse. *Id.* ¶ 10 & n. 1. FDA's warnings have emphasized the harmful effects associated with 7-OH, including addiction, anxiety, depression, gastrointestinal distress, insomnia, seizures and withdrawal symptoms – such as restlessness, body aches, fatigue, irritability and cold sweats. *Id.* n. 1. FDA has publicly

2

stated that 7-OH has not been approved by FDA for any medical use, is not lawful for use in dietary supplements or when added to conventional foods because it has not met the appropriate safety standard, and that the consumption of 7-OH can be dangerous and lead to serious harm. *Id*. ¶ 10.

Because 7-OH can be dangerous, has a potential for abuse, and its consumption may lead to serious harm, *see id.*, FDA has issued public health advisories to healthcare professionals warning them about the risks.[1] Further, FDA issued warning letters to multiple firms marketing products containing 7-OH.[2] *See* Compl. ¶¶ 10 n. 1, 13.

Here, the United States filed the Complaint following issuance of FDA's Warning Letter to Shaman Botanicals on June 25, 2025. Specifically, FDA's Warning Letter stated that: (i) 7-OH products have not been evaluated by FDA for safe use; (ii) the agency received adverse event reports associated with products containing 7-OH; (iii) 7-OH has been reported to have opioid-like effects; (iv) Shaman Botanical's dietary supplements containing 7-OH are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B); and (v) "available information on the use of 7-OH in products raises serious safety concerns." *See id.* ¶ 13.

---

[1] *See Products Containing 7-OH Can Cause Serious Harm*, https://www.fda.gov/consumers/consumer-updates/products-containing-7-oh-can-cause-serious-harm; *FDA Letter to Healthcare Professionals About 7-OH*, https://www.fda.gov/news-events/public-health-focus/hiding-plain-sight-7-oh-products.
[2] *See FDA Issues Warning Letters to Firms Marketing Products Containing 7-Hydroxymitragynine*, https://www.fda.gov/news-events/press-announcements/fda-issues-warning-letters-firms-marketing-products-containing-7-hydroxymitragynine.

3

On November 12, 2025, FDA initiated inspections of Shaman Botanicals' facilities located at 1501 Iron Street, North Kansas City, Missouri, and 2461 NW Tullison Road, Riverside, Missouri. *See id.* ¶¶ 14, 16. During the inspections, FDA investigators observed large quantities of Shaman Botanicals' products, including those identified in Exhibits A-C attached to the Complaint, labeled as "dietary supplements" that contain 7-OH as well as food products to which 7-OH had been added. *Id.* ¶¶ 14, 16, Ex. A-C.

FDA administratively detained the Defendant Articles located at 1501 Iron Street, North Kansas City, Missouri, on November 14, 2025, and the Defendant Articles located at 2461 NW Tullison Road, Riverside, Missouri, on November 13, 2025, alleging that the products were adulterated under the FDCA. *See* 21 U.S.C. § 334(h)(1); Compl. ¶ 15. Shortly thereafter, on November 21, 2025, the United States filed the Complaint to seize the Defendant Articles pursuant to 21 U.S.C. § 334, alleging that the articles are adulterated under the FDCA. The Complaint alleges that the Defendant Articles identified in Exhibit B are food, within the meaning of 21 U.S.C. § 321(f), and are adulterated within the meaning of 21 U.S.C. § 342(a)(2)(C)(i) because they are labeled to contain 7-OH, an unsafe food additive. *Id.* ¶¶ 7-8, 19-20. The Complaint further alleges that the remaining Defendant Articles (those identified in Exhibits A and C) are dietary supplements, within the meaning of 21 U.S.C. §§ 321(ff), that are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) because they contain or are a new dietary ingredient, 7-OH, for which

4

there is inadequate information to provide reasonable assurance that this ingredient does not present a significant or unreasonable risk of illness or injury. *Id.* ¶¶ 9-12, 21-22.

Pursuant to a warrant issued by the Clerk of Court, on December 2, 2025, the U.S. Marshals Service seized the Defendant Articles. *See* RETURN OF SERVICE of Rule G Forfeiture Action, Dkt. 4. On December 11, 2025, Shaman Botanicals filed a claim for the Defendant Articles, *see* Claim, Dkt. 6, and has now moved to dismiss the Complaint. Dkts. 7-8.

## II.      ARGUMENT

The Court should deny Shaman Botanicals' motion to dismiss because the Complaint clearly satisfies the pleading requirements under Rules G, 12(b)(1), and 12(b)(6). As a preliminary matter, Shaman Botanicals first argues that the government has failed to allege sufficient facts to establish this Court's jurisdiction over this action and moves to dismiss pursuant to Rule 12(b)(1) and Rule G. Dkt. 8, at 13-14. Procedurally, a 12(b)(1) challenge is limited to a facial challenge to subject-matter jurisdiction; however, the "non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). As such, the Court is required to apply the standards of consideration regarding a Rule 12(b)(6) motion to dismiss an *in rem* forfeiture complaint when considering whether the government properly plead subject-matter jurisdiction.

5

Rule G governs the requirements for *in rem* forfeiture complaints arising from a federal statute, such as the FDCA. *See* Fed. R. Civ. P. Suppl. R. G(1)-(2). Under Rule G(2)(f), a complaint need only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial." While a higher standard than notice pleading, Supplemental Rule G is a "low bar." *See United States v. 17 Bank Accounts Containing Various Amounts of United States Currency Identified in Exhibit A*, No. 18-CV-189-ABJ, 2019 WL 13225955, at *5 (D. Wyo. Mar. 29, 2019) (quoting *United States v. Aguilar*, 782 F.3d 1101, 1109 (9th Cir. 2015)).

Supplemental Rule G(2) governs the pleading standard for civil asset forfeiture complaints. *See 17 Bank Accounts*, 2019 WL 13225955, at *5 (citations and quotations omitted); *see also* Fed. R. Civ. P. Suppl. R. A(2).[3] Accordingly, when considering a Rule 12(b)(6) motion to dismiss a complaint for forfeiture, the pleading requirements are satisfied when the United States' complaint includes "a short and plain statement of the claim showing that the pleader is entitled to relief," *17 Bank Accounts*, 2019 WL 13225955, at *4 (citations and quotations omitted), and "it suffices for the government to simply allege enough facts so that the claimant may understand the theory of forfeiture, file a responsive pleading, and undertake an adequate investigation." *United States v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 14 (D.D.C. 2013). "Likewise, the plaintiff must be afforded every favorable inference that may be drawn

---

[3] The well-known standards for *in personam* complaints enunciated in the Supreme Court's holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also provide guidance to the extent they do not conflict with Supplemental Rule G(2).

from the allegations of fact set forth in the [forfeiture] complaint" and "the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor."[4] *One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d at 14.

Contrary to Shaman Botanicals' claim that detailed evidence and legal argument is required under Rule G, Rule G(2)(f) simply requires the government to sufficiently plead facts to enable a claimant "to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule E(2)(A); *see id.* at G(2) advisory committee's note to 2006 enactment; *United States v. 250,000 Filled Bottles of Liquid Product, et al.*, Civ. No. 23-cv-00168, ECF No. 33, at 7-8 (N.D. Okla. Dec. 10, 2025) (Opinion and Order). The United States has easily met its burden here.

---

[4] Claimant concedes the Court can consider the Warning Letter, which contains allegations included in the Complaint, *see* Compl. ¶ 13, without converting the motion to dismiss to a motion for summary judgment. *See* Dkt. 8, at 6, and n. 2; *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 956 (8th Cir. 2020) ("We ignore materials outside the pleadings but may consider materials that are part of the public record or do not contradict the complaint, and materials that are necessarily embraced by the pleadings"). Claimant erroneously argues that the Court may take judicial notice of Claimant's response to the Warning Letter, which it attaches to its motion to dismiss with a 277-page appendix, Dkt. 8, Ex.2. Claimant's response is not a "part of the public record," and was not posted on FDA's website or any public docket until Claimant attached it to its motion to dismiss. Further, because it is included solely to try to contradict the Complaint, this Court should ignore it. *See* Dkt. 8, at 6 and n. 2 (characterizing the response as an "analysis as to why FDA's concerns [regarding the 7-OH products] were not . . . well founded," to be considered "to gauge the sufficiency of the [Complaint]"). The Court should also not consider Claimant's Giroir Letter, Dkt. 8, Ex. 3, which is not "embraced by the pleading" and involves a separate analysis under a different statutory scheme.

## A. The Complaint Sufficiently Pleads Jurisdiction

Shaman Botanicals argues that the government failed to allege sufficient facts to establish this Court's jurisdiction over this action because the Complaint did not identify "which of the various components for these numerous different products were shipped in interstate commerce" and that "there is no inference that can be drawn from any facts alleged in the Complaint that any component of the products moved in interstate commerce." *See* Dkt. 8, at 13. However, the law does not require the government to identify the specific components shipped in interstate commerce for this Court to retain jurisdiction. At this stage of the litigation, the United States is not required to prove its case by a preponderance of the evidence, its burden of proof at trial. *United States v. $144,210.77 in Funds Seized from Suntrust Bank Account XXXXX6875*, 63 F. Supp. 3d 1387, 1389 (N.D. Ga. 2014). Rather, the United States "is merely required to establish the reasonable belief that [it] can meet its burden at trial." *Id*. Paragraph 5 of the Complaint alleges sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof by explaining the reason that section 334(a)(1) applies, *i.e.*, because components of the Defendant Articles "were shipped in interstate commerce from outside the state of Missouri." Compl. ¶ 5.

Further, even if the government were required to identify how each component was shipped in interstate commerce, this burden has been met. The Complaint alleges that "7-OH is a constituent or metabolite of the botanical *Mitragyna speciosa* (commonly known as kratom)." *Id*. ¶ 10. It is a matter of public record, as Shaman Botanicals acknowledges, that kratom is a tropical tree native to Southeast Asia and is

imported from Southeast Asia into the United States.[5] Dkt. 8., at 5, n. 1. Accordingly, there is indeed an "inference that can be drawn" from the facts alleged in the Complaint that a component of each of the products, specifically the kratom from which the 7-OH contained in Defendant Articles is derived, was shipped in interstate commerce from outside the state of Missouri. *See id.*; 21 U.S.C. § 379a.

**B. The Complaint Satisfies the Pleading Requirements of Rules G and 12(b)(6)**

Shaman Botanicals' argument that the Complaint insufficiently details facts supporting the forfeiture claims similarly fails. Rule G(2)(f) requires that a complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Paragraphs 7-12 and 19-22 of the Complaint provide the legal framework and factual predicates that inform Shaman Botanicals of the basis for forfeiture of the Defendant Articles. Specifically, those paragraphs allege that Defendant Articles listed in Exhibit B of the Complaint, Dkt. 1, are articles of food, within the meaning of 21 U.S.C. § 321(f), to which 7-OH has been added; that 7-OH is not generally recognized as safe in food and, therefore, is a food additive within the meaning of 21 U.S.C. § 321(s); that 7-OH is an unsafe food additive within the meaning of 21 U.S.C. § 348(a) because there is no food additive regulation that authorizes the use of 7-OH in food, nor is there any applicable exemption;

---

[5] *See FDA and Kratom*, https://www.fda.gov/news-events/public-health-focus/fda-and-kratom. FDA's website is a matter of public record. *See Casey v. Odwalla, Inc.* 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018) ("The majority of the courts, particularly in this district, that took judicial notice of FDA letters on a motion to dismiss, however, did so where the document was publicly available on the FDA's website.").

and that the Defendant Articles may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 331(a) because they are adulterated within the meaning of 21 U.S.C. § 342(a)(2)(C)(i).

Those paragraphs further allege that the Defendant Articles listed in Exhibits A and C of the Complaint, Dkt. 1, are dietary supplements within the meaning of 21 U.S.C. § 321(ff), that contain 7-OH; that 7-OH is a constituent or metabolite of a botanical, *Mitragyna speciosa* (commonly known as kratom) and, therefore, is a dietary ingredient within the meaning of 21 U.S.C. § 321(ff)(1)(F); that 7-OH is a new dietary ingredient within the meaning of 21 U.S.C. § 350b(d); and that the Defendant Articles may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 331(a) because they are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B). Additionally, paragraph 22 explains that the Defendant Articles are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) in that they contain or are 7-OH, a new dietary ingredient, and that there is inadequate information to provide reasonable assurance that 7-OH does not present a significant or unreasonable risk of illness or injury. Paragraph 10 further provides details regarding the potential for danger, abuse, and serious harm from use of 7-OH. Because all of these facts should be liberally construed in the United States' favor and must be presumed true, *see One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d at 14, there can be no serious contention that the United States has failed to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Rule G(2)(f).

Shaman Botanicals' assertion that the Complaint should be dismissed for lack of "substantiated facts," Dkt. 8, at 14-18, distorts the Rule G standard which requires that a complaint plead facts, not evidence. *See, e.g., United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008) (denying motion to dismiss, stating that the government "need not plead evidence, it must plead facts to support its allegations."). Rule G(2)(f) "does not require that the Government refer or cite to scientific data, studies, or reports." *250,000 Filled Bottles of Liquid Product*, Civ. No. 23-cv-00168, ECF No. 33, at 8. Instead, the United States is only required to cite "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial." Rule G(2)(f); *see also United States v. 5208 Los Franciscos Way,* 385 F.3d 1187, 1193 (9th Cir. 2004) ("While [claimants] assert that the [forfeiture] complaint was not supported at the time of filing by evidence sufficient to meet the preponderance standard, the government is not required to prove its case simply to get in the courthouse door")*.* Shaman Botanicals' argument that the government is required to include exhaustive detail and supporting evidence in its complaint to substantiate its allegations and "rebut the" alleged "extensive safety information regarding 7-OH,"[6] Dkt. 8, at 18, is incorrect.

Similarly, Shaman Botanicals' allegation that the Complaint fails to "plead facts showing a safety risk from 7-OH products," Dkt. 8, at 17, is undermined by the public health risks associated with 7-OH alleged in the Complaint, including that products

---

[6] *See supra* note 4 (explaining that it is not appropriate for the Court to take judicial notice of Shaman Botanicals' lengthy response to FDA's warning letter).

containing 7-OH can be dangerous and consumption of 7-OH may lead to serious harm, that there is a potential for abuse, and that it is not lawful to use in dietary supplements and food. *See, e.g.*, Compl. ¶¶ 10, 13; *see also*, Compl. ¶ 10 n. 1 (citing FDA's website warning the public about the harmful effects associated with 7-OH).

Courts routinely deny motions to dismiss complaints under Rule G. *See, e.g.*, *250,000 Filled Bottles of Liquid Product.*, Civ. No. 23-cv-00168, ECF No. 33 (Opinion and Order) (denying a motion to dismiss under 12(b)(6) FDA's complaint for forfeiture of dietary supplements containing kratom); *United States v. 286,161 bottles, 209 dietary supplement cookie packs, and 45,521 packs, boxes, or granules,* No. 19-C-3876, 2020 WL 550598, at *2 (N.D. Ill. Feb. 3, 2020) (same). Though the government may not seize and hold property based on conclusory allegations, the United States is "not required to allege in the complaint all of the facts and evidence at its disposal." *See United States v. $170,000 in U.S. Currency, et al.*, 2024 WL 2922718, at * 4 (D.P.R. June 10, 2024). The United States need only plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. *250,000 Filled Bottles of Liquid Product*, Civ. No. 23-cv-00168, ECF No. 33 (Opinion and Order) (citing *United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 249 (S.D.N.Y. 2010)).

## III.     CONCLUSION

Because the Complaint clearly meets the Rule G pleading standard, especially when viewed, as required, in the light most favorable to the United States, the United States respectfully requests that the court deny Shaman Botanicals' motion to dismiss the Complaint.

DATED: January 9, 2026                    Respectfully Submitted,

R. MATTHEW PRICE                          BRETT A. SHUMATE
United States Attorney                    Assistant Attorney General
                                          Civil Division
LEIGH FARMAKIDIS
Assistant United States Attorney          SARMAD M. KHOJASTEH
Charles Evans Whittaker Courthouse        Acting Deputy Assistant Attorney General
400 East 9th Street, Fifth Floor
Kansas City, MO 64106                     LISA K. HSIAO
Tel: 816-426-3122                         Acting Director
leigh.farmakidis@usdoj.gov                Enforcement & Affirmative Litigation Branch

                                          /s/ *David Sullivan*
                                          PATRICK RUNKLE
                                          Assistant Director
                                          DAVID SULLIVAN
                                          Senior Litigation Counsel
                                          JAMES T. NELSON
                                          Senior Trial Attorney
                                          U.S. Department of Justice
                                          450 5th Street, N.W.
                                          Washington, DC 20044
                                          Tel: 202-514-0516
                                          david.sullivan2@usdoj.gov

                                          *Attorneys for Plaintiff*
                                          *United States of America*

13

MICHAEL B. STUART
General Counsel
U.S. Department of Health and Human
Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

MAGGIE REDDEN
SARAH ROSENBERG
Associate Chief Counsels
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
Silver Spring, MD  20993-0002

*Of Counsel*

**Certificate of Service**

I hereby certify that on the 9th day of January, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF recipients:


Counsel for Shaman Botanicals, LLC

Stephen Moore
Sean R. Cooper
Jennifer M. Cacchio
4520 Main Street, Suite 700
Kansas City, MO 64111
Telephone: 816-756-5800
Facsimile: 816-756-1999
sjmoore@knmlaw.com
scooper@knmlaw.com
jcaccio@knmlaw.com


　　　　　　　　　　　/s/ *David Sullivan*＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　Attorney for the United States